UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case Number 13-50166
Honorable David M. Lawson

TANAYA GREEN,

Defendant,

and

DELAWARE CHARTER GUARANTEE AND TRUST COMPANY d/b/a PRINCIPAL TRUST,

Garnishee.
_________________________________________/

**ORDER GRANTING IN PART GOVERNMENT'S AMENDED MOTION TO ENFORCE WRIT OF GARNISHMENT AND DENYING DEFENDANT'S MOTION FOR A PAYMENT PLAN**

In November of last year, the Court entered an order laying out a payment schedule for defendant Tanaya Green to follow as a means of addressing an outstanding restitution obligation that stemmed from her conviction of embezzlement by a bank employee. Green had reached an agreement with the government for a payment plan but did not comply with it. She was in arrears by about $4,700 when the government sought to garnish her interest in a retirement account. Liquidation of that account would result in a substantial tax penalty. The Court denied the government's motion to liquidate that account, although it permitted it to retain a lien on the asset, it ordered the defendant to make a lump-sum payment of $4,700 (which Green had proposed), it ordered $100 monthly payments, and it ordered Green to submit to an in-person creditor's examination to determine the propriety of adjusting the monthly payment. Green did not hold up

her end of the arrangement, and the government now has moved to enforce the garnishment against the retirement account. Green responded with a motion for a payment plan.

As of April of this year, the restitution owing was slightly more than $140,000. The earlier motion practice focused on the government's request for a writ of continuing garnishment against Principal Financial Services, Inc., which apparently was a former employer of the defendant. Principal Financial Services in reality is Principal Trust, an assumed name for Delaware Charter Guarantee and Trust Company. Delaware Charter filed an answer to the writ disclosing that it held somewhat in excess of $27,000 in funds on behalf of defendant Green in a qualified retirement plan. The garnishee's response also suggested that assets in qualified plans may not be subject to garnishment, with some exceptions, and the garnishee also indicated that any distribution would be subject to a 20% tax withholding under the Internal Revenue Code.

Green objected to the writ and asked for a hearing, which was held on June 20, 2024. At that time, the Court directed the parties to confer and attempt to agree on a proposal to pay the restitution judgment. The government filed a status report on June 25, 2024 confirming that the arrearage on the payment plan then was $4,700. Green offered to pay that amount and to continue making $100 monthly payments, but she conditioned that offer on the release of the lien on her retirement account with Principal Trust. The government rejected that offer.

The Court entered the order mentioned earlier out of concern that the Internal Revenue Service would assess the 20% penalty for liquidating the retirement account, that federal case law on point held that retirement assets that only can be distributed with spousal consent cannot be liquidated to satisfy obligations under the Mandatory Victim Restitution Act absent such consent, *see United States v. Novak*, 476 F.3d 1041, 1063 (9th Cir. 2006) (en banc), and that there was no

evidence in the record concerning whether spousal consent was required for a distribution of funds from the defendant's retirement account.

The government represents that it scheduled an examination under oath at the offices of government counsel in this district on February 11, 2026. The defendant, however, refused to attend the interview, citing her concern that traveling from California to Michigan for the interview would be costly and inconvenient, and insisting that she had submitted "all required financial documents" in lieu of appearing for the interview. The government also represented that Green never made the $4,700 lump sum payment ordered by the Court. The government acknowledged that Green made financial disclosures to the government in December 2025, but it says that she never appeared as ordered for an interview under oath to determine her ability to pay.

The payment history from the Court's Registry shows that Green eventually paid the $4,700 lump sum on April 1, 2026. She made $100 monthly payments in December 2025 and January, February, and March 2026. No other payments have been received since then.

The government subsequently issued a writ of garnishment against the defendant's current wages. When she was served with the writ, Green contacted government counsel and the parties attempted to negotiate a renewed agreement for a monthly payment plan, but no agreement was reached. Green did not file any objections to the writ of garnishment against her wages. In its latest filing, the government represented that Green had "started making regular payments" (in unspecified amounts) against her restitution obligation, but that it "would take more than 100 years" to fully pay the restitution debt at the current payment rate.

On March 12, 2026, the government filed its "amended motion" to enforce the writ of garnishment against the defendant's retirement account at Principal Trust. In its motion and subsequent filings, the government represented that it had contacted the garnishee for

"clarification" about the account, and a representative of the garnishee stated in an email response that "spousal consent is not required" for a lump sum distribution. Email dated Mar. 4, 2026, ECF No. 30, PageID.208.

The government acknowledges the Court's concerns stated in the prior order about the tax penalty that would accrue from a distribution of the retirement assets, but it cites *United States v. National Bank of Commerce*, 472 U.S. 713 (1985), for the proposition that the government "stands in the shoes" of the judgment debtor with respect to amounts owed, and that it has the right to liquidate any assets for which the defendant herself has a right of distribution, "regardless of the facts that other claims to the funds may exist and that the question of ultimate ownership may be unresolved at the time." *Ibid.* (pincite not available). The case cited by the government involved a levy for delinquent taxes, but the government contends that the same legal principle applies to recovery of amounts due on a judgment of criminal restitution under the MVRA.

Based on the defendant's refusal to comply with the prior order, and the new information establishing that spousal consent is not required for a distribution of funds, the government asks that the Court authorize the liquidation of the entire retirement account to satisfy the restitution obligation still owing.

The defendant filed a "motion for payment plan" on April 13, 2026, and she later filed an opposition to the government's motion, and a further reply in support of her own motion. Green offers little in the way of legal argument in her filings, and she does not identify any statutory exemptions covering the funds in her retirement account subject to garnishment. She also has not filed any objections to the wage garnishment citing any statutory exemptions. Instead, she merely insists the Court should impose a "reasonable payment schedule" for the restitution obligation, and

she suggests that the Court "reinstate" the prior order and require her to make payments of $250 per month.

The government may enforce the monetary payment provisions of a criminal judgment against a criminal defendant — that is, it may collect court-ordered fines and restitution payments — "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §§ 3613(a), (f); *In re Robinson*, 764 F.3d 554, 559, 560 n.1 (6th Cir. 2014). Section 3613(a) in turn references 26 U.S.C. § 6334, which contains a long list of property categories that are exempt from levy.

The civil procedures that the federal government utilizes to collect judgments are set forth in the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.* 28 U.S.C. § 3001(a)(1). Under the FDCPA, upon application by the government, the Court is authorized to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." *Id.* § 3205(a). The government then must serve the writ on the garnishee and the debtor. *Id.* § 3205(c)(3). The garnishee must file an answer with the court and serve a copy of its answer on the debtor and the government. *Id.* § 3205(c)(4). Either party may then file objections to the garnishee's answer and request a hearing "[w]ithin 20 days after receipt of the answer." *Id.* § 3205(c)(5).

Funds held by a trustee in a qualified retirement plan are governed by the Employee Retirement Income and Security Act of 1972 (ERISA). ERISA's so-called anti-alienation provision mandates that each qualified pension plan "provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). The Supreme Court has held that this provision prohibited a union from imposing a constructive trust on an embezzling official's

ERISA-protected pension rights, refusing to create an exception in cases of an employee's malfeasance or criminal misconduct. *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990). In 1995, the Fourth Circuit, citing *Guidry*, held that ERISA barred access by the government to pension benefits to satisfy a restitution order in a criminal case. *United States v. Smith*, 47 F.3d 681, 684 (4th Cir. 1995).

However, courts have determined that ERISA's anti-alienation provision must "give way" to other congressional enactments authorizing the collection of debts, such as the Internal Revenue Code and the Federal Debt Collection Procedures Act (FDCPA). *United States v. Sawaf*, 74 F.3d 119, 123-24 (6th Cir. 1996). One of those enactments is the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3663A *et seq.* This Court has held that the "provisions of the MVRA constitute a Congressional exception to ERISA's anti-alienation provision when it comes to the enforcement of a restitution order against a criminal defendant." *United States v. Miller*, 588 F. Supp. 2d 789, 795-96 (W.D. Mich. 2008). The Sixth Circuit has not addressed the issue, but the other circuits that have considered the question have concluded that section 3613 of the MVRA supersedes ERISA's anti-alienation provision. *See United States v. Hyde*, 497 F.3d 103, 107 (1st Cir. 2007); *United States v. Novak*, 476 F.3d 1041, 1048 (9th Cir. 2006) (*en banc*); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006); *cf. United States v. Hosking*, 567 F.3d 329, 334 (7th Cir. 2009) (considering the statute entitling trusts to favorable retirement plan tax treatment only if they contain an anti-alienation provision, 26 U.S.C. § 401(a)(13)(A)).

An order of restitution is treated as a "lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). "The notice of [the restitution] lien shall be considered a notice of [a tax] lien." *Id.* § 3613(d). Therefore, a lien

arising out of one's restitution obligations is treated as if it were a federal tax lien. *United States v. Tyson,* 265 F. Supp. 2d 788, 791 (E.D. Mich. 2003). The government may maintain that lien so that any voluntary withdrawals from the account will be subject to it, and, furthermore, the government has a right to step into the defendant's shoes and obtain any allowable distribution under a retirement plan. *Nat'l Bank of Commerce*, 472 U.S. 713. But that right does not guarantee that the government will be able to cash out the defendant's retirement plan unilaterally. *Novak*, 476 F.3d at 1063. Where a pension plan requires that a lump sum payment be made payable only with spousal consent, the government may not cash out these plans without such consent. *Id.* at 1064; *see also United States v. Wells*, 156 F.4th 907, 916 (9th Cir. 2025) ("Under the MVRA, the government cannot enforce a restitution order by cashing out a defendant's retirement plan account if the retirement plan's terms prohibit the defendant from doing so without spousal consent."); *United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022) ("The statutory text of the MVRA makes clear that criminal restitution orders can be enforced by garnishing ERISA-protected retirement funds."). Accordingly, "criminal restitution orders can be enforced by garnishing retirement funds, but with the funds only payable when the defendant has a current, unilateral right to receive payments under the terms of the retirement plan." *Novak*, 476 F.3d at 1041; *see also* 18 U.S.C. § 3613(a) (stating that "a judgment imposing a fine may be enforced against all property or rights to property of the person fined. . . .").

The defendant insists that she should receive the benefit of a Court-ordered "payment plan" limiting her restitution obligation to monthly payments in an amount she deems "reasonable." The Court previously imposed a payment schedule, after finding that concerns about a tax penalty from liquidation of the retirement account weighed in favor of graduated payments by the defendant, and after finding that the record was unclear about whether a distribution could be ordered in the

absence of spousal consent. The government now has obtained clarification that spousal consent is not required for a distribution from the account, so the legal authority cited by the Court in its prior order is inapposite to the present situation.

Nevertheless, the MVRA authorizes the district court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2); *United States v. Hack*, 999 F.3d 980, 982 (6th Cir. 2021). It is appropriate to order payments on the restitution amount and refrain from compelling the liquidation of Green's retirement account in light of the mandatory 20% tax penalty that she would incur. The government will retain a lien on the fund should Green attempt to liquidate it herself. And the government may enforce the restitution order by garnishing the portion of Green's nonexempt disposable earnings authorized by law. *See* 28 U.S.C. § 3002(5), (9).

The defendant did not timely comply with the Court's November 2025 order establishing a payment plan, and the Court does not have confidence that she would comply with a future plan. She has not submitted to a creditor's examination, although she had moved her family to the west coast and travel expenses and job obligations provide a reasonable excuse for her failure to return to the district. Still, the government is entitled to learn of Green's current financial condition. She must submit to an examination, which can take place in California if the government seeks to enlist a counterpart in Green's district of residence to take the testimony, or it may be conducted remotely.

Accordingly, it is **ORDERED** that the government's amended motion to garnish funds (ECF No. 30) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the government retains a lien on the defendant's retirement account.

It is further **ORDERED** that the government may submit a request for a continuing writ of garnishment on the defendant's nonexempt disposable earnings under the Fair Debt Collection Procedures Act and the Consumer Credit Protection Act.

It is further **ORDERED** that the defendant's motion for another payment plan (ECF No. 31) is **DENIED**.

It is further **ORDERED** that the government may interview the defendant under oath to determine her ability to make restitution payments.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 1, 2026